IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| E. THOMAS RYDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COOK COUNTY DEPARTMENT | ) | |
|    OF PUBLIC HEALTH | ) | |
|    7556 W. Jackson Blvd. | ) | |
|    Forest Park, IL 60130 | ) | |
| | ) | |
| RACHEL RUBIN, in her official capacity | ) | |
|    as Senior Medical Officer, Co-Lead, | ) | |
|    Cook County Department of Public | ) | |
|    Health | ) | |
|    7556 W. Jackson Blvd. | ) | |
|    Forest Park, IL 60130 | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | JURY DEMANDED |

## COMPLAINT

Plaintiff, E. Thomas Ryder ("Plaintiff"), by and through his undersigned attorney, bring this Complaint against Defendants Cook County Department of Public Health (CCDPH) and Rachel Rubin in her official capacity as Senior Medical Officer, Co-Lead, for CCDPH (collectively referred to as "Defendants" or "CCDPH") show this Court as follows:

## INTRODUCTION

1.

This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First, Tenth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiff's rights to freedom of association and free exercise of religion. Defendants have adopted a policy of restricting freedom of association to patrons of establishments serving food or drink to individuals who show proof that they are fully-vaccinated against Covid-19 with an approved vaccine in order to enter an indoor setting where food or drink are served for on-premises consumption, and health and fitness centers. See Exhibit A attached, Order of the Cook County Department of Public Health No. 2021-11 (As Amended January 3, 2022) COVID-19 Mitigation, Effective January 3, 2022.

2.

Plaintiff seeks a declaration that Defendants violated clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' restrictions on Plaintiff's freedom of association violates the U.S. Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' freedom of association restrictions as set forth in this Complaint; nominal damages for the past loss of Plaintiff's constitutional rights; and nominal damages for loss of similarly situated class members' constitutional rights pursuant to F.R.C.P. Rule 23. Plaintiff(s) also seek an award of reasonable costs of litigation, including attorney's fees and expenses pursuant to 42 U.S.C. §1988 and other applicable law.

**Parties**

3.

Plaintiff E. Thomas Ryder is an individual residing in this district.

4.

Defendant Cook County Board of Public Health (CCDPH) is a government agency located in the County of Cook, State of Illinois.

Defendant Rachel Rubin in her official capacity is Senior Medical Officer, Co-Lead for the CCDPH who issued Order No. 2021-11 (As Amended January 3, 2022). See Exhibit A page 5 attached.

## Jurisdiction and Venue

5.

This action arises under the Constitution and laws of the United States. This court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

6.

Venue lies in this Court under 28 U.S.C. §1391 as E. Thomas Ryder resides in Cook County, Illinois at the time of the claim and no real property is involved in this action.

7.

Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiff's claim for nominal damages is authorized by 42 U.S.C. § 1983.

## General Allegations

8.

Plaintiff by and through his attorney received an invitation to attend the Saint

Ignatius College Prep Law Society Luncheon on February 18, 2022 at the Union League Club of Chicago, which is located in Cook County, Illinois. See Exhibit B attached. Attending the Saint Ignatius Law Society Luncheon is an important business association event for Plaintiff's law firm. Plaintiff enjoys an opportunity to associate with fellow Saint Ignatius College Prep alumni network, meet new individuals and resume acquaintances with individuals already known to Plaintiff.

9.

Plaintiff's invitation to attend the February 18, 2022 Law Society Luncheon included the following limitation and disclosure:

"*Proof of Vaccination

*Due to the vaccine mandate, effective January 3, 2022, The Union League Club of*

*Chicago will require proof of vaccination upon entry to the club."* See Exhibit B page 1 (*Emphasis* in original).

10.

Due to various circumstances discussed *infra* Plaintiff will not be able to show proof of vaccination to enter the club. Specifically, Plaintiff's nine plus years active-duty honorable service in the United States Air Force resulted in adverse consequences of Post Traumatic Stress Disorder (PTSD). Plaintiff's spouse's hours at her employer were cut to half-time resulting in a dramatic percentage increase in the cost of Plaintiff's medical insurance premiums. Due to this unfortunate combination of circumstances, Plaintiff discontinued health insurance expenditures and is currently operating as 100% medical self-insured.

11.

Plaintiff is aware that certain individuals experience adverse side effects from Covid-

19 vaccinations, including blood clots, fatigue and even instances of death, not to mention presently unknown side effects that may only become apparent after passage of time. Without health insurance Plaintiff would be subjecting his family to risk of financial devastation in the event he contracted one of the rare, but occasionally deadly, adverse side effects associated with Covid-19 vaccines.

12.

Rather than subject Plaintiff's family to risk of rare, but plausible adverse side effects of Covid-19 vaccination, Plaintiff has been testing negative via SICOV2 – Shield IL RT-PCR Covid-19 Saliva testing. See Exhibit C attached. Specifically, on or about January 7, 2022 and again January 22, 2022 Plaintiff provided samples that were analyzed by the University of Illinois College of Medicine Rockford. Plaintiff's saliva samples were found to be "Negative" for Covid-19. Plaintiff is willing and able to test within seven days prior to the Saint Ignatius Law Society Luncheon scheduled for February 18, 2022. See Exhibit B *supra.*

13.

Defendants provide testing alternatives to Covid-19 vaccinations for employees to show weekly proof of negative Covid-19 test. See Exhibit A page 3 attached. However, CCDPH's Order 2021-11 does not permit similar testing alternatives for patrons of food and drink establishments, including Plaintiff, nor similarly situated F.R.C.P. Rule 23 class members.

14.

Plaintiff is a practicing Christian with strongly held religious beliefs. Plaintiff believes that he was formed by the Lord God, who breathed into his nostrils the breath of life, and thus was formed a living being. Genesis 2:7.

5

15.

Plaintiff further believes what the Lord God taught the Israelites:

"See now that I myself am he!

    There is no god besides me.

I put to death and I bring to life,

    I have wounded and I will heal,

    and no one can deliver out of my hand." Deuteronomy 32:39.

16.

Plaintiff further believes this nation came into being in fulfillment of the Prophet Isaiah: "See, a king will reign in righteousness and rulers will rule with justice." Isaiah 32:1.

17.

Plaintiff further believes we are presently living in the antichrist era wherein all peoples on earth will be forced by government(s) to worship man's creations, rather than Lord God their Creator.

18.

Plaintiff's honorable active-duty military service included one year as Non-Commissioned Officer responsible for defending against nuclear, biological and chemical warfare. Plaintiff has sincerely held religious beliefs that life comes from the Lord God Creator and sustainer of life, and not from money making schemes concocted by man. "Scoundrels devise evil schemes, they use wicked methods to destroy the poor with lies, even when the plea of the needy is just." Isaiah 32:7. Plaintiff sincerely believes Covid-19 to be a man-made biological warfare agent optimized via CRISPR bio-technology through humanized mice gain-of-function medical research to kill and destroy human beings by

6

attacking adult sized human lung cells. As such, Plaintiff trusts the Lord God Creator of the universe alone, rather than man, who's yearning for knowledge of evil, rather than being content knowing good, resulted in the Covid-19 biological weapon. See Genesis 2:17.

19.

Plaintiff further believes the various Covid-19 vaccines are presently being paid for by the United States government. The United States government is further believed to be paying pharmacies and other health care providers to perform medical injection services of the various Covid-19 vaccines. Plaintiff further believes that refusing bodily injection of Covid-19 vaccines will result in generalized expenditure savings for the United States government. Plaintiff's power to refuse federal expenditures of Covid-19 vaccine injections is specific to Plaintiff's person alone, and not a generalized federal expenditure. Plaintiff further believes the power to inject foreign substances into his being was one of the Tenth Amendment powers not delegated to the United States by the Constitution, nor prohibited by it to the States, reserved to the States respectively, or to the people. Plaintiff hereby exercises his Tenth Amendment power to refuse the Covid-19 vaccines pursuant to the Tenth Amendment of the U.S. Constitution as applied to the states through the Fourteenth Amendment.

20.

Title 77, Chapter I, Subchapter k, Part 690, Section 690.1330 of the Illinois Administrative Code governs Order and Procedure for Isolation, Quarantine and Closure. See Exhibit D attached (*Emphasis* in original). Pursuant to the Illinois Administrative Code § 690.1330(a):

> *The Department or* certified local health department *may order a person or group of persons to be quarantined or isolated or may order a place to be closed and made off limits to the public on an immediate basis without prior consent or court order if, in the reasonable judgment of the Department* or certified local health

department, *immediate action is required to protect the public from a dangerously contagious or infectious disease.* (Section 2(c) of the Act) The determination that immediate action is required shall be based on the following:

1) The Department or certified local health department has reason to believe that a person or group of persons is, or is suspected to be, infected with, exposed to, or contaminated with a dangerously contagious or infectious disease that could spread to or contaminate others if remedial action is not taken; and

2) The Department or the certified local health department has reason to believe that the person or group of persons would pose a serious and imminent risk to the health and safety of others if not detained for isolation; and

3) The Department or the certified local health department has first made efforts, which shall be documented, to obtain voluntary compliance with requests for medical examination, testing, treatment, counseling, vaccination, decontamination of persons or animals, isolation, and inspection and closure of facilities, or has determined that seeking voluntary compliance would create a risk of serious harm.

21.

The Illinois Department of Public Health ("IDPH") issued an Illinois Pandemic Influenza Preparedness and Response Plan March 2020 in response to the Covid-19 outbreak. Page 28 of IDPH's plan specifies the responsibilities of Local Health Departments and Health Care Providers. See Exhibit E attached.

> Local and municipal health departments are responsible for communitywide influenza preparedness activities. Specific activities of the local and municipal health department staff include:
> Promote vaccinations to prevent diseases.
> Distribute vaccine to public and private providers, communitywide.
> Survey and control outbreak of preventable adult and childhood diseases.
> Investigate outbreaks.
> Provide educational and motivational resources through community partnerships.
> Assess vaccine coverage levels.
> Conduct quality assurance reviews of federally purchased vaccine.

## COUNT 1 – FREEDOM OF ASSOCIATION – FIRST AMENDMENT AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

22.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

23.

As more specifically set forth above, CCDPH's discriminatory conduct violates Plaintiff's First and Fourteenth Amendment rights to Equal Protection under the law. Plaintiff has been testing bi-weekly Negative for Covid-19 during January, 2022. See Exhibit C *supra*. Plaintiff is willing and able to test within seven days prior to February 18, 2022 if necessary, just as would be permitted to Cook County employees of food and drink establishments. See Exhibit A page 3 *supra*.

24.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiff of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

25.

Defendants' restriction on Plaintiff's freedom of association is overly broad violation of the First and Fourteenth Amendments since patrons, who merely spend several hours patronizing Cook County food and drink establishments are treated inequitably with

employees, who spend all day every day breathing on location at such establishments, yet employees are permitted to weekly test Negative for Covid-19.

26.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiff will have suffered irreparable harm, including the loss of constitutional rights, entitling him and similarly situated class members to declaratory and injunctive relief and nominal damages.

**COUNT 2 – FREEDOM OF ASSCIATION – FIRST AMENDMENT**

27.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

28.

Pursuant to Illinois Administrative Code Section 690.1330 (a) (Exhibit D *supra*) the burden is on the Department or certified local health department to show Plaintiff is, or suspected to be, infected with, exposed to, or contaminated with a dangerously contagious or infectious disease that could spread to or contaminate others if remedial action is not taken. Defendants have failed to carry their burden of proof that Plaintiff's health condition requires imminent restriction from attending the Saint Ignatius Law Society Luncheon scheduled for February 18, 2022 at the Union League Club of Chicago, located in Cook County, Illinois. Defendants have failed to carry their burden of proof regarding the medical threat that Plaintiff's attending the event would pose to public health. Thus, Defendant's denial of Plaintiff's constitutional rights is a violation of the First Amendment Freedom of Assembly and Association.

29.

Defendants attempt to unlawfully flip the burden of proof pursuant to Illinois Administrative Code Section 690.1330(a) from the certified local health department onto Plaintiff. See Exhibit D *supra*. Yet somehow even Plaintiff's proofs of Negative Covid-19 testing (Exhibit C) is still not sufficient to patronize food and drink establishments in Cook County, Illinois pursuant to Order 2021-11. See Exhibit A *supra*. Defendant's restriction on Plaintiff's freedom of association is overly broad violation of the First and Fourteenth Amendments since patrons, who merely spend several hours patronizing Cook County food and drink establishments are treated inequitably with employees, who spend all day every day breathing on location at such establishments, yet employees are permitted to weekly test for Covid-19.

30.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiff of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

31.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiff will have suffered irreparable harm, including the loss of constitutional rights, entitling him and similarly situated class members to declaratory and injunctive relief and nominal damages.

**COUNT 3 – FREEDOM OF ASSCIATION – FIRST AMENDMENT**

32.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

33.

Pursuant to Illinois Pandemic Influenza Preparedness and Response Plan March 2020, Defendants are authorized only to "Promote vaccines to prevent diseases." See Exhibit E *supra*. Defendants Order No. 2021-11 (As amended January 3, 2022) (Exhibit A supra) would effectively substitute the word "Promote" with the word "Mandate" if in fact local health departments and health care providers have authority to require Covid-19 vaccine consumption.

34.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiff of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

35.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiff will have suffered irreparable harm, including the loss of constitutional rights, entitling him and similarly situated class members to declaratory and injunctive relief and nominal damages.

**COUNT 4 – FREE EXERCISE OF RELIGION – FIRST AMENDMENT**

36.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

37.

Plaintiff has sincerely held religious beliefs that life comes from the Lord God Creator and sustainer of life, and not from money making schemes concocted by man. As such, Plaintiff trusts the Lord God Creator of the universe alone, rather than man, who's never ending assortment of lies, cover-ups and ever-shifting justifications leave man's followers wandering helplessly lost, defenseless and abused like sheep without a shepherd.

38.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiff of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

39.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiff will have suffered irreparable harm, including the loss of constitutional rights, entitling him and similarly situated class members to declaratory and injunctive relief and nominal damages.

**COUNT 5 – FREEDOM TO REFUSE VACCINES – TENTH AMENDMENT**

40.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

41.

Plaintiff has sincerely held beliefs that Covid-19 vaccines as well as vaccine injection medical services are being paid for by the United States government. Plaintiff hereby exercises Tenth Amendment power to refuse the specific federal expenditure injection of Covid-19 vaccines into Plaintiff's being. Mere exercise of one constitutionally protected right does not preclude exercise of other constitutionally protected rights. The Bill of Rights is not an either/or, one or the other, pick your favorite flavor, but one only, Bill of Rights.

42.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiff of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

43.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiff will have suffered irreparable harm, including the loss of constitutional rights, entitling him and similarly situated class members to declaratory and injunctive relief and nominal damages.

**COUNT 6 – CLASS ACTION CLAIM FOR NOMINAL DAMAGES PURSUANT TO F.R.C.P. RULE 23**

44.

Plaintiff realleges and reincorporates by reference their allegations in Paragraphs 1 through 21 of the Complaint.

45.

A similarly situated class of Plaintiffs is believed to exist who received invitations to attend the Saint Ignatius Law Society Luncheon scheduled for February 18, 2022, but were unlawfully deprived of their First Amendment Freedom of Association with fellow alumni as a result of Defendants' unlawful conduct. Nominal damages should also be awarded to those similarly situated class members.

46.

By reason of the aforementioned freedom of association restriction, including Order 2021-11 created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of rights to engage in protected freedom of association in violation of the Freedom of Assembly Clause of the First Amendment as applied to the states through the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

47.

As a direct and proximate result of Defendants' violation of the Freedom of Assembly Clause of First Amendment, Plaintiffs will have suffered irreparable harm, including the loss of constitutional rights, entitling similarly situated class members to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court will grant the following relief:

A) To declare that Defendants' restrictions on Plaintiff's Freedom of Assembly and Association, including Order 2021-11 at issue here, violates the First and Fourteenth Amendments to the U.S. Constitution set forth in this Complaint;

B) to preliminarily and permanently enjoin Defendants' association restrictions

15

and its application to Plaintiff's patronage of food and drink establishments as set forth in this Complaint;

  C) to award Plaintiff nominal damages for the prospective loss of constitutional rights set forth in this Complaint;

  D) to award F.R.C.P. Rule 23 class members nominal damages for loss of their constitutional rights set forth in this Complaint;

  E) to award Plaintiff's reasonable attorney fees, costs and expenses pursuant to 42 U.S.C. §1988 and other applicable law; and

  F) to grant such other and further relief as this Court should find just and proper.

This 4th day of February, 2022

              Respectfully submitted,

              /s/ E. Thomas Ryder

              _____
              E. Thomas Ryder
              Ryder & Associates
              2260 Hicks Rd., Ste. 407
              Rolling Meadows, IL 60008
              Tom.Ryder@Halt-IRS.com
              Phone: (872) 888-3500
              Fax: (872) 888-4699
              Illinois Bar No. 6278366
              Counsel for Plaintiff