IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE THOMAS RYDER, individually, and LANHUI ZHANG RYDER, individually, and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY DEPARTMENT OF PUBLIC HEALTH and RACHEL RUBIN, in her official capacity, <br><br> Defendants. | No. 22 CV 626 <br><br> Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth in the Statement below, the plaintiffs' motion for leave to amend [17] is denied and the defendants' motion to dismiss for failure to state a claim [16] is granted. Enter Judgment. Civil case terminated.

## STATEMENT

Eugene Thomas Ryder (Ryder), a tax attorney proceeding pro se, sued the Cook County Department of Public Health ("CCDPH") and Rachel Rubin, in her official capacity as senior medical officer and co-lead of the CCDPH, on February 4, 2022, initially alleging that his constitutional rights were violated when he was not permitted to dine indoors at the Union League Club of Chicago pursuant to the County's vaccine mandate. Compl., ECF No. 1. On March 9, 2022, he amended his complaint for the first time as of right pursuant to FRCP 15(a)(1), purporting to incorporate by reference all the allegations from the original complaint and adding a claim that he suffered a further deprivation of his constitutional rights when he was unable to dine indoors at a noodle restaurant in Glenview, Illinois. First Am. Compl., ECF No. 4.

The defendants then moved to dismiss for failure to state a claim and lack of standing. ECF No. 5. In response, Ryder sought leave to amend his complaint to add (1) the Mayor of Chicago and other city defendants because the Union League Club was under the City's, not the County's jurisdiction, (2) Lanhui Zhang Ryder (Zhang), his wife who assists with his law firm's billing, as a plaintiff with respect to the noodle restaurant claim, and (3) another plaintiff with a claim challenging a vaccine requirement at a gym. Pl. Mot. to Am., ECF No. 9. The Court granted him Ryder leave to amend his complaint against the Cook County defendants to add Zhang as a plaintiff but not the other two proposed changes. 5/12/2022 Order, ECF No. 12. The motion to dismiss was denied as moot in light of the order granting leave to amend.

On June 3, 2022, Ryder filed a second amended complaint ("SSAC"), which is currently the operative complaint. ECF No. 13. The SAC alleges that the Ryders' "fundamental constitutional rights" were violated when the noodle shop did not allow them to dine in at the restaurant on one occasion, purportedly because of County Order No. 2021-11, which generally prohibited dining establishments from allowing unvaccinated individuals to dine indoors. For one reason or another, the Ryders were both unvaccinated, though they had with them negative COVID-19 test results generated about nine days earlier, which the restaurant did not accept in lieu of proof of vaccination. They wanted to dine in so they could discuss "billing administrative issues," but instead of being allowed to "enjoy Constitutional rights pertaining to pleasures and benefits of in-door dining," they had to sit and wait for their order to be ready for carryout and then drive to eat their meal at some other establishment. SAC ¶ 22-24. The Ryders purport to represent a class of similarly situated individuals "who were forced to sit in their car whilst family members enjoyed indoor dining, carry-out meals rather than dine inside and other similarly situated assorted indignities during the period from January 3, 2022 through February 28, 2022, but were unlawfully deprived of their First Amendment Freedom of Association constitutional rights." SAC ¶ 48. The Ryders seek injunctive, declaratory, and (nominal) monetary relief.

On June 27, 2022, the defendants moved to dismiss a second time. ECF No. 16. In that motion, they argued that the Cook County Department of Public Health is not a suable entity and must therefore be dismissed, and that the Ryders' SAC otherwise failed to adequately allege any violation of their rights.

In July 2022, the Ryders filed a "motion to amend" their complaint for a third time. ECF No. 17. They included with their motion a proposed third amended complaint ("TAC") naming the Cook County Board of Commissioners ("CCBC") and Toni Preckwinkle, president of the CCBC, as defendants and dismissing the CCDPH. ECF No. 17-1. They proposed changing some minor factual allegations. They also appended a response to the defendants' second motion to dismiss in which they conceded that the CCDPH was not a suable entity but otherwise attempted to defend the plausibility of their claims. ECF No. 17-3.

The defendants filed a response objecting to the plaintiffs' motion for leave to amend in which they incorporated by reference the arguments they made in their motion to dismiss the SAC to show that the TAC's amendments would be futile, *i.e.*, would still fail to state a valid claim. ECF No. 19. For one, they argue that the Ryders' attempt to swap the CCDPH for the CCBC is futile because, just like the CCDPH (which the Ryders conceded is not a suable entity), the CCBC is also not a suable entity under Illinois law. *Id*.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). The Court thus examines the proposed amended complaint, here, the TAC, to determine whether allowing amendment would be futile. *See Runnion ex. rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 524 (7th Cir. 2015). In doing so, the Court applies Federal Rule 12(b)(6) and asks whether the amended complaint would survive a motion to dismiss for failure to state a claim. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (cleaned up). But "allegations in the form of legal conclusions are insufficient," as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

The Ryders' attempt to amend is futile because neither the TAC nor the SAC state a single claim that could plausibly entitle them to relief. For this reason, the Court denies the Ryders leave to amend the SAC and dismisses the SAC with prejudice.

I.   **Procedural Issues**

The defendants are correct that neither the CCBC (TAC) nor the CCDPH (SAC) are proper parties. The law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued. Fed. R. Civ. P. 17(b); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979). Subdivisions of Illinois counties, such as county hospitals or a county department of highways, are generally not considered to be separate legal entities, and therefore cannot be sued. *Khan v. Cook Cnty. Dep't of Highways*, Case No. 93 C 1375, 1994 U.S. Dist. LEXIS 13481, at *4 (N.D. Ill. Sep. 15, 1994) (citing *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

Ryder concedes that the CCDPH does not have the capacity to sue or to be sued under Illinois law. The Cook County Board of Commissioners, with which he seeks to replace the CCDPH, is also not a suable entity under Illinois law because "its powers are coextensive with the county." *Wright v. Bd. of County Com'rs of Cook County, Ill.*, 99C1998, 1999 WL 1249313 at *3 (N.D. Ill. Dec. 17, 1999), *aff'd sub nom. Wright v. Pappas*, 256 F.3d 635 (7th Cir. 2001).

Therefore, the only remaining defendant is Rachel Rubin, and the only viable additional party named as a defendant in the TAC is Toni Preckwinkle in her official capacity. Since "a suit against a government official, in his or her official capacity, is a suit against the government entity itself," *Kentucky v. Graham*, 473 U.S. 159, 166–67 & n. 14 (1985), the Court will construe the TAC as bringing a claim against Cook County. *See Wright*, 1999 WL 1249313 at *3. But even construing the TAC as against the proper party, amendment would still be futile because, as shown below, it fails to state a claim.

Next, the Court does not have jurisdiction to adjudicate the Ryders' claims insofar as they request injunctive and declaratory relief. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.") (citing *Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief)). County Order No. 2021-11, at issue in the SAC and TAC, was repealed

by County Order No. 2022-1 on February 28, 2022. "Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies. This jurisdictional requirement ensures that the resources of the federal judiciary are not expended on advisory opinions and hypothetical disputes. Concepts such as standing, mootness, and ripeness assure that cases will be litigated by those having an actual stake in the outcome and that decisions will be made in an arena of real and substantial problems to be redressed by specific solutions." *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488-89 (7th Cir. 2004) (cleaned up). The Ryders have failed to make any showing that they have standing to seek this relief given that the County Order no longer exists because they have not sufficiently alleged that it is likely to be reinstated. Thus, the Court will address their claims only insofar as they seek relief in the form of nominal damages.

As a final procedural note before turning to the merits, the Court notes that Ryder is proceeding pro se but purports to be counsel of record representing both himself and Zhang as plaintiffs. *See* Mot. to Amend, ECF No. 17 ("Plaintiffs, Eugene Thomas Ryder and Lanhui Zhang Ryder ('Plaintiffs'), by and through their undersigned attorney…"). Ryder, however, cannot represent his wife, or anyone else for that matter, in this Court because he is not admitted to the bar of this Court and has not sought or received leave to appear *pro hac vice*. See Local Rules 83.12(a) and 83.14. Accordingly, Ryder is directed to file a *pro hac vice* application (with the required fee) within 7 days of the entry of this order.

## II. Constitutional Claims

The Ryders allege that the County Order requiring proof of vaccination to dine indoors at the height of the COVID-19 pandemic violated their (1) First Amendment free association rights (Counts 1-3), First Amendment free exercise rights (Count 4), and a purported Tenth Amendment right to refuse vaccines (Count 5). Count 6 announces their desire to proceed as representatives of a class deprived of the aforementioned rights.

To state a claim under 42 U.S.C. § 1983, the Ryders must allege that (1) they had a right secured by federal law or the Constitution, and (2) the County deprived them it when the ordinance prevented them from dining in the noodle establishment. Courts have spilt much ink in the past several years explaining why, despite various objections, state and local authorities may constitutionally enact various public health measures, including vaccine mandates, that are reasonably designed to combat the COVID-19 pandemic. There is no need to spill much more here.

The plaintiffs' claims are easily dispatched by readily available precedent. There is no fundamental right to be unvaccinated during a public health emergency. *See Jacobsen v. Massachusetts*, 197 U.S. 11 (1905). The Seventh Circuit has held: "Given *Jacobson v. Massachusetts*, which holds that a state may require all members of the public to be vaccinated against smallpox, there can't be a constitutional problem with vaccination against SARS-CoV-2." *Klaassen v. Trustees of Indiana U.*, 7 F.4th 592, 593 (7th Cir. 2021). And in an opinion affirming three district judges' denials of preliminary injunctions in cases involving state and local vaccine mandates in Illinois, almost all of which generally mandated vaccination as a condition of public or certain healthcare industry employment, the Court of Appeals found that the plaintiffs in all three cases failed to demonstrate that their interests in remaining unvaccinated qualified as fundamental rights or that requirements violated their free exercise rights. *Lukaszczyk v. Cook*

*Cnty.*, 47 F.4th 587 (7th Cir. 2022), *cert. denied sub nom. Troogstad v. City of Chicago, Illinois*, 143 S. Ct. 734 (2023).

As Judge Ellis explained in upholding the constitutionality of a similar vaccination requirement for attendance at sporting events, "judicial review of claims challenging the exercise of emergency authority during a public health crisis, such as the COVID-19 pandemic, is only available in limited circumstances . . . . If a State implements emergency measures during an epidemic that curtail individual rights, courts uphold such measures unless they have 'no real or substantial relation' to public health or are, 'beyond all question, a plain, palpable invasion of rights secured by the fundamental law.'" *Kozlov v. City of Chicago*, 21 C 6904, 2022 WL 602221 (N.D. Ill. Feb. 28, 2022) (quoting *Jacobson*, 197 U.S. at 31). The Supreme Court has made clear that "[s]temming the spread of COVID–19 is unquestionably a compelling interest." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). And the Seventh Circuit has held that "[v]accination protects not only the vaccinated persons but also those who come in contact with them." *Klaassen*, 7 F.4th at 593; *see also Kozlov v. City of Chicago*, No. 22-1107, Doc. 6 (7th Cir. Jan. 25, 2022) ("[T]he validity of vaccination requirements is well established.").

Further, the rights at issue here are of dubious existence let alone fundamentality. Being prohibited from discussing administrative billing matters while eating at a restaurant because one is unvaccinated during a pandemic does not implicate one's free association or free exercise rights, and there is no precedent or other basis to consider the unvaccinated as a protected category. As for the Ryders' crude and myopic attempt to analogize the restrictions on their liberty as unvaccinated individuals to the pervasive discrimination faced by many Black Americans, suffice to say that the Court does not liken victims of more than two centuries of racial oppression to potential carriers of a highly contagious and deadly disease. Restricting access to the lunch counter for the former was intolerable; restricting access to the noodle shop counter for the latter was entirely reasonable. In sum, this measure—being demonstrably related to public health and not a plain, palpable invasion of rights secured by the fundamental law—does not fall under the categories of vaccination measures subject to judicial scrutiny following *Jacobson* and its progeny.

Lastly, the Ryders state in their opposition to the motion to dismiss that "Defendants' divisive legal analysis is diametrically opposite to our nation's historical ideals and values. Defendants would further constrict Plaintiffs' heretofore unalienable right to 'pursuit of happiness' to 'pursuit of happiness, but only if you're vaccinated." Pls.' Resp. at 5, ECF No. 17-3. To the contrary, the Constitution, the framework of rights that it provides, and the courts' jurisprudence flowing therefrom do not confer upon each individual the right to do whatever makes them "happy" even if it endangers another or himself. The Constitution has never endorsed that view. Rather, courts have consistently, and especially during a deadly pandemic, rejected the premise of the Ryders' argument: "We are unwilling to hold it to be an element in the liberty secured by the Constitution of the United States that one person, or a minority of persons, residing in any community and enjoying the benefits of its local government, should have the power thus to dominate the majority when supported in their action by the authority of the state." *Jacobson*, 197 U.S. 11 at 37-38.

For the foregoing reasons, the plaintiffs' motion for leave to amend [17] is denied because the defects in the plaintiffs' operative complaint cannot be cured by amendment. The plaintiffs'

5

complaint is dismissed with prejudice. Judgment will be entered for the County and the case is terminated.

Dated: March 31, 2023

                                                                       John J. Tharp, Jr.
                                                                       United States District Judge